UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAVIGATORS MANAGEMENT COMPANY, INC., in its individual capacity and on behalf of Navigators Insurance Company, Inc, <br><br> Plaintiff, <br><br> v. <br><br> EURO CARGO EXPRESS INC. d/b/a ECX Global Logistics, <br><br> Defendant <br><br> and <br><br> EURO CARGO EXPRESS INC. d/b/a ECX Global Logistics, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> SHINE INTERNATIONAL TRANSPORTATION (HONG KONG) LTD., SHINE INTERNATIONAL TRANSPORTATION (SHENZHEN) LTD. and OCEAN NETWORK EXPRESS PTE. LTD., <br><br> Third-Party Defendants. | 1:23-cv-05769 <br> Hon. Jessica G. L. Clarke <br><br><br> **SHINE INTERNATIONAL TRANSPORTATION (HONG KONG) LTD. AND SHINE INTERNATIONAL TRANSPORTATION (SHENZHEN) LTD.'S:** <br><br> **(1) ANSWER TO SECOND AMENDED THIRD-PARTY COMPLAINT, AND** <br><br> **(2) CROSSCLAIM** |
| SHINE INTERNATIONAL TRANSPORTATION (HONG KONG) LTD., SHINE INTERNATIONAL TRANSPORTATION (SHENZHEN) LTD., <br><br> Cross-Complainant, <br><br> v. <br><br> OCEAN NETWORK EXPRESS PTE. LTD., <br><br> Cross-Defendant. | |

Third-party defendants SHINE INTERNATIONAL TRANSPORTATION (HONG KONG) LTD. ("Shine HK") and SHINE INTERNATIONAL TRANSPORTATION (SHENZHEN) LTD. ("Shine Shenzhen") (collectively "Third-Party Defendants"), by and through their undersigned attorneys, for their Answer to the Second Amended Third-Party Complaint filed by third-party plaintiff EURO CARGO EXPRESS INC. d/b/a ECX Global Logistics ("Euro Cargo"), state as follows.

1. Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and on that basis deny the allegations.

2. Shine HK admits that it is a business entity existing under foreign law, that the listed address is correct and that it is a non-vessel operating common carrier ("NVOCC") and/or transport intermediary. Shine HK denies the remaining allegations in paragraph 2.

3. Shine Shenzhen admits that it is a business entity existing under foreign law, that the listed address is correct and that it is a non-vessel operating common carrier ("NVOCC") and/or transport intermediary. Shine Shenzhen denies the remaining allegations in paragraph 3.

4. Third-Party Defendants admit, on information and belief, that third-party defendant Ocean Network Express Pte. Ltd. ("ONE") is a vessel operating common carrier with offices in Singapore. Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and on that basis deny those allegations.

5. Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and on that basis deny the allegations.

6. Third-Party Defendants admit that the Complaint by plaintiff Navigators Management Company, Inc. ("Plaintiff"), attached as Exhibit A to the Second Amended Third-Party Complaint, is dated July 6, 2023. Third-Party Defendants are without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in paragraph 6 and on that basis deny those allegations.

7. Third-Party Defendants admit that the Complaint against Euro Cargo, attached as Exhibit A to the Second Amended Third-Party Complaint, purports to assert claims relating to a shipment of women's footwear and its transport from Yantian to New York in late 2021. Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 7 and on that basis deny those allegations.

8. The allegations in paragraph 8 contain legal conclusions to which no response is required. To the extent a response is required, Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and on that basis deny the allegations.

9. The allegations in paragraph 9 contain legal conclusions to which no response is required. To the extent a response is required, Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and on that basis deny the allegations.

10. The allegations in paragraph 10 contain legal conclusions to which no response is required. To the extent a response is required, Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and on that basis deny the allegations.

11. The allegations in paragraph 11 contain legal conclusions to which no response is required. To the extent a response is required, Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and on that basis deny the allegations.

12. The allegations in paragraph 12 contain legal conclusions to which no response is required. To the extent a response is required, Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and on that basis deny the allegations.

13. Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and on that basis deny the allegations.

14. Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and on that basis deny the allegations.

15. Third-Party Defendants admit that Shine HK issued house bill of lading no. SLHK21120036 in connection with the transport of container SEGU5937657 from the port of Yantian to the port of New York for freight paid or to be paid. Third-Party Defendants deny the remaining allegations in paragraph 15.

16. Third-Party Defendants admit that Shine Shenzhen participated in arranging transport of container SEGU5937657. Third-Party Defendants deny the remaining allegations in paragraph 16.

17. Third-Party Defendants admit that ONE is a VOCC who agreed to perform the ocean carriage of container SEGU5937657 and issued sea waybill no. ONEYHKGBS2268916.

18. Third-Party Defendants admit that the Shine HK issued house bill of lading no. SLHK21120036 in connection with the transport of container SEGU5937657 from the port of Yantian to the port of New York for freight paid or to be paid. Except as expressly admitted, and responding only for themselves, Third-Party Defendants deny the remaining allegations in paragraph 18.

19. Third-Party Defendants admit, on information and belief, that container SEGU5937657 was apparently lost during the ocean carriage. Third-Party Defendants deny they are liable for any resulting loss or damage.

20. The allegations in paragraph 20 contain legal conclusions to which no response is required. To the extent a response is required, Third-Party Defendants deny that any loss or damage was caused by their acts, omissions, fault, breach, and/or negligence. Third-Party Defendants assert that any loss or damage suffered by Plaintiff or Euro Cargo was caused by the acts, omission, fault, breach and/or negligence of the VOCC and its servants, agents, and/or others who performed the ocean carriage or with whom the VOCC contracted for the ocean carriage. Third-Party Defendants deny the remaining allegations of paragraph 20.

21. The allegations in paragraph 21 contain legal conclusions to which no response is required. To the extent a response is required, and responding only for themselves, Third-Party Defendants deny the allegations of paragraph 21.

22. Responding for themselves, Third-Party Defendants deny the allegations in paragraph 22.

23. The allegations in paragraph 23 contain legal conclusions to which no response is required. To the extent a response is required, and responding only for themselves, Third-Party Defendants deny the allegations of paragraph 23.

## **AFFIRMATIVE DEFENSES**

Third-Party Defendants assert the following affirmative defenses based on information presently available. By stating the affirmative defenses below, Third-Party Defendants neither agree nor concede they have the burden of proof or the burden of persuasion on such issues. Third-Party Defendants reserve the right to assert such further and other affirmative defenses as may hereinafter be revealed through discovery or otherwise.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

1. The Second Amended Third-Party Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted against Third-Party Defendants.

## SECOND AFFIRMATIVE DEFENSE
### (COGSA; Harter Act)

2. Third-Party Defendants deny they are liable or responsible for the matters alleged in the Second Amended Third-Party Complaint; however, if Third-Party Defendants have any liability or responsibility for said matters, they are exonerated from such liability or their liability is limited by the United States Carriage of Goods by Sea Act ("COGSA), 46 U.S.C. §30701 (and/or the Harter Act, if applicable).

## THIRD AFFIRMATIVE DEFENSE
### ($500 Package Limitation)

3. Pursuant to COGSA and/or the terms of the terms and condition of any bill of lading or contract of carriage applicable to the shipment (including Shine HK's bill of lading), Third-Party Defendants' respective liability, if any, is limited to $500 per package or customary freight unit.

## FOURTH AFFIRMATIVE DEFENSE
### (Bills of lading)

4. Third-Party Defendants deny they are liable or responsible for the matters alleged in the Second Amended Third-Party Complaint; however, if Third-Party Defendants have any liability or responsibility for said matters, said liability or responsibility is limited by and subject to the terms and condition of any bill of lading or contract of carriage applicable to the shipment (including Shine HK's bill of lading), and Third-Party Defendants are entitled to assert any limitation of liability provision appearing therein (or in any other document or contract applicable to the shipment). Third-Party Defendants claim the benefit of any other party's bill of lading, terms and conditions of service, tariff, or other contract of carriage applicable to the shipment.

## FIFTH AFFIRMATIVE DEFENSE
### (Shipper/Consignee/Owner's Fault)

5. Third-Party Defendants are not liable for the loss or damage alleged in the Second Amended Third-Party Complaint if it is determined that the loss or damage was caused by the fault of shippers, consignees and/or owners of the cargo, and not by Third-Party Defendants.

### SIXTH AFFIRMATIVE DEFENSE
### (Fault of Others; Supervening/Intervening Cause)

6. The loss or damage alleged in the Second Amended Third-Party Complaint resulted from the acts, omissions, fault or negligence of parties or entities for which Third-Party Defendants are not responsible or liable. Any act or omission by Third-Party Defendants was not the cause of the loss or damage alleged in the Second Amended Third-Party Complaint but was superseded by the acts and omissions of said parties or entities, which were independent, intervening, and proximate cause of any damages complained of by Euro Cargo.

### SEVENTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

7. Pursuant to the principles of comparative negligence if Third-Party Defendants are found liable for the matters alleged in the Second Amended Third-Party Complaint, their respective liability must be reduced by the percentage of fault attributable to Euro Cargo, other parties in the action and/or third parties.

### EIGHT AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties/Real Party in Interest)

8. Euro Cargo failed to join indispensable parties without which complete relief cannot be granted and/or Plaintiff is not the real party in interest.

//

### NINTH AFFIRMATIVE DEFENSE
### (Perils of the Sea)

9. The loss or damage alleged in the Second Amended Third-Party Complaint was caused by perils, dangers or accidents of the sea which absolve Third-Party Defendants from liability

under COGSA, the general maritime law of the United States, and/or the bills of lading and contracts of carriage applicable to the shipment.

## TENTH AFFIRMATIVE DEFENSE
### (Mitigation)

10. The Second Amended Third-Party Complaint, and each alleged claim for relief therein, is barred because Euro Cargo failed to take reasonable steps to mitigate the damages alleged.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Waiver/Estoppel/Unclean Hands)

11. The Second Amended Third-Party Complaint, and each claim therein, is barred, in whole or in part, by the doctrines of waiver, estoppel and unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

12. The Second Amended Third-Party Complaint, and each claim therein, is barred by the applicable statute limitations at law or limitations period in any bill of lading or contract of carriage or other contract applicable to the shipment and/or by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Indemnity and Contribution)

13. At all times alleged in the Second Amended Third-Party Complaint, persons other than Third-Party Defendants were negligent, reckless or at fault with respect to events and occurrences alleged; the negligence, recklessness or fault of said persons was the proximate cause of any damage or injury, if any, suffered by Euro Cargo, and Third-Party Defendants request a declaration of indemnification and contribution as to all other parties or persons in accordance with the apportionment of fault.

**WHEREFORE**, Third-Party Defendants pray that Euro Cargo take nothing by its Second Amended Third-Party Complaint against Third-Party Defendants; that judgment be entered against Euro Cargo and in favor of Third-Party Defendants; and that Third-Party Defendants be awarded

their costs of suit incurred to defend this action, attorney's fees allowed by law or contract, and all other relief the Court deems just and proper.

## CROSSCLAIM AGAINST OCEAN NETWORK EXPRESS PTE. LTD

Third-Party Defendants and Cross-Claimants SHINE INTERNATIONAL TRANSPORTATION (HONG KONG) LTD. ("Shine HK") and SHINE INTERNATIONAL TRANSPORTATION (SHENZHEN) LTD. ("Shine Shenzhen") (collectively "Cross-Claimants"), for their Crossclaim against Third-Party Defendant/Cross-Defendant OCEAN NETWORK EXPRESS PTE. LTD. ("ONE"), allege as follows:

### JURISDICTION, PARTIES AND VENUE

1. This Crossclaim for breach of duties under the Carriage of Goods by Sea Act is within the jurisdiction of this Court pursuant to 28 U.S.C. §1331 or claims pendent or ancillary to the same. The Court also has admiralty jurisdiction pursuant to 28 U.S.C. §1333. The claims for equitable indemnity and contribution arise under the General Maritime Law of the United States, and also involve the Court's admiralty jurisdiction under 28 U.S.C. §1333. Alternatively, this Court has supplemental jurisdiction over the indemnity and contribution claims because they arise out of the same transactions and occurrences supporting admiralty and federal question claims in this case and therefore share a common nucleus of operative facts with claims within the Court's original jurisdiction. Fed. R. Civ. P. 13; 28 U.S.C. 1367(a).

2. Venue is proper in this Court within the meaning of 28 U.S.C. §1391(b)(2) because the cargo shipment underlying the claims against ONE was bound for the port of New York, which is within this judicial district.

3. At all relevant times mentioned herein, each Cross-Claimant was and is a foreign company and ocean transport intermediary engaged in the business of arranging the transport of cargo.

4. At all relevant times mentioned herein, and on information and belief, ONE was and is a

foreign limited liability company registered in Singapore with its principal place of business in Singapore. ONE is registered as a vessel operating common carrier (VOCC) with the Federal Maritime Commission.

**GENERAL ALLEGATIONS**

5. On or about December 2, 2021, Euro Cargo contracted with Shine HK to transport container no. SEGU5937657, a "Shipper's Load Count & Seal" container said to be loaded with cartons of women's footwear (hereafter, the "Cargo"), from Yantian, China to New York, NY. Shine HK issued house bill of lading no. SLHK21120036 ("Shine BL") to facilitate the Cargo's transport from Yantian to New York.

6. On or about the same date, Shine Shenzhen helped facilitate the Cargo's transport from Yantian to New York.

7. On or about December 2, 2021, in consideration for fees and charges, ONE agreed to perform the actual ocean carriage of the Cargo and issued sea waybill no. ONEYHKGBS2268916 for container SEGU5937657 containing the Cargo ("ONE Sea Waybill").

8. The Container was tendered to ONE, or those acting on its behalf, at the port of loading and was loaded aboard the vessel *MADRID BRIDGE 016E* ("Vessel") for ocean transport to the port of New York.

9. On information and belief, while sailing to its next port of call in the United States, the Vessel suffered a container collapse which resulted in numerous containers lost overboard and numerous others damaged. On information and belief, container no. SEGU5937657 containing the Cargo was lost at sea in the incident.

10. On information and belief, plaintiff Navigators Management Company, Inc. ("Plaintiff") commenced this action on July 6, 2023, by filing its Complaint against Euro Cargo, claiming damages of at least $373,574.41 for the loss or damage to the cargo described in Schedule A to the

Complaint (container no. SEGU5937657 containing the women's footwear).

11. On September 14, 2023, Euro Cargo filed the Second Amended Third-Party Complaint against Shine HK, Shine Shenzhen, and ONE for indemnity and contribution in connection with the loss or damage alleged by Plaintiff.

12. Cross-Claimants deny liability for loss or damage to the Cargo.

**FIRST CLAIM FOR RELIEF**
**Breach of Duties under COGSA and/or General Maritime Law**

13. Cross-Claimants reallege and incorporate the allegations of paragraphs 1 through 12 as though fully set forth herein.

14. The Carriage of Goods by Sea Act ("COGSA") sets out, among other things, the duties of ocean carriers in their transport of goods. Similarly, the general maritime law of the United States imposes a duty on ocean carriers to safely and prudently, load, stow, secure, carry, and deliver cargo in the same good order, condition, and quantity as when received by the carriers and/or the Vessel.

15. ONE, or those acting on its behalf, agreed to transport the Cargo from the place of receipt at the port of loading to the place of delivery at the port of discharge, and to provide other transportation-related services including, but not limited to, the loading, stowage, securing, and ocean carriage of the Cargo.

16. ONE, or those acting on their behalf and/or contracted by it, loaded, stowed, and secured the containerized Cargo onto the Vessel and issued the ONE Sea Waybill for the Cargo.

17. During the Vessel's voyage to the United States, the containerized Cargo either went overboard and was lost at sea or suffered damage during the voyage, rendering the Cargo without value. As a result, ONE did not deliver the Cargo in the same good order, condition, and quantity as it undertook to do when the Cargo was tendered to ONE.

18. The loss of the Cargo was caused by ONE's breach of duties under COGSA and general

11

maritime law, and its negligent failure to properly load, stow, secure, carry, protect, store, care for, and deliver the Cargo, and/or the unseaworthiness of the Vessel operated and/or used by ONE for the ocean carriage.

19. As a proximate result of ONE's actions or omissions Cross-Claimants have been damaged by exposure to claims in the amount of at least $373,574.41, or other sum to be proven at trial, plus interest, attorney's fees, and costs.

**SECOND CLAIM FOR RELIEF**
**Equitable Indemnity**

20. Cross-Claimants reallege and incorporate the allegations of paragraphs 1 through 19 as though fully set forth herein.

21. In its Second Amended Third-Party Complaint, Euro Cargo seeks indemnity and contribution from Cross-Claimants for the damages alleged by Plaintiff and alleges that Cross-Claimants are directly liable to Plaintiff under COGSA or, in the alternative, the Harter Act, (46 U.S.C. §30701 *et seq.*).

22. ONE issued the ONE Sea Waybill and agreed to perform the ocean transport of the Cargo and to deliver the Cargo at the port of New York in the same good order, condition, and quality as when it was received. However, the Cargo was lost during the ocean carriage or was damaged or destroyed.

23. The Cargo's loss or damage was not caused or contributed to by any act, omission, fault, or neglect on the part of Cross-Claimants.

24. As a result of the Cargo being lost or damaged, Cargo Cross-Claimants have been damaged by exposure to claims in the amount of at least $373,574.41, or other sum to be proven at trial, plus interest, attorney's fees, and costs.

25. If Cross-Claimants are found to be liable or responsible for any damages alleged in the Second Amended Third-Party Complaint, such liability will have been brought about, and caused,

in whole or in part, by the conduct, actions, omissions and/or responsibility of ONE, and each Cross-Claimant is entitled to full or partial equitable indemnity from ONE pursuant to common law and equitable principles. In addition, since Cross-Claimants have been compelled to defend against the Second Amended Third-Party Complaint and to prosecute this Crossclaim, Cross-Claimants should be entitled to recover their attorney's fees and costs from ONE.

### THIRD CAUSE OF ACTION
**Contribution**

26. Cross-Claimants reallege and incorporate the allegations of paragraphs 1 through 19 as though fully set forth herein.

27. ONE issued the ONE Sea Waybill and agreed to perform the ocean transport of the Cargo and to deliver the Cargo at the port of New York in the same good order, condition, and quality as when it was received. However, the Cargo was lost during the ocean carriage or was damaged or destroyed. As a result of ONE's conduct or omissions, Cross-Claimants are now faced with a loss for which, in good conscience, equity, and justice, Cross-Claimants should not be held responsible.

28. If a Cross-Claimant is determined responsible for loss of the Cargo by having arranged its transport, that Cross-Claimant is entitled to contribution from ONE if and to the extent that ONE's fault, negligence, gross-negligence, or other actionable conduct contributed to the liability or damages incurred by Cross-Claimant. In addition, since Cross-Claimants have been compelled to defend the Second Amended Third-Party Complaint and to prosecute this Crossclaim they should be entitled to recover their attorney's fees and costs from ONE.

**WHEREFORE**, Cross-Claimants pray judgment against ONE as follows:

On the First Cause of Action:

1. For damages of at least $373,574.41, or other sum according to proof at trial.

On the Second and Third Causes of Action:

2. For indemnity and contribution in the approximate amount of $373,574.41, or other damage

sum assessed against Cross-Claimants, if any, in an amount to be proven at trial.

On all Causes of Action:

3. For attorney's fees and costs, as allowed by law or contract, which Cross-Claimants incur to defend against the Second Amended Third-Party Complaint and to litigate the Crossclaim.

4. For pre-judgment and post-judgment interest as allowed by law; and

5. For such other relief as the Court deems just and proper.

Dated: December 21, 2023

Respectfully submitted,

/s/ J. Stephen Simms
J. Stephen Simms (*pro hac vice* pending)
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, Maryland 21030
Telephone:(410) 783-5795
Facsimile: (410) 510-1789

jssimms@simmsshowers.com

OF COUNSEL:
Neil B. Klein
neilk@mckassonklein.com
McKASSON & KLEIN LLP
18401 Von Karman Ave., Suite 330
Irvine, CA 92612
P: (949) 724-0200

Counsel for Third-Party Defendants/Cross-Claimants Shine International Transportation (Hong Kong) Ltd. and Shine International Transportation (Shenzhen) Ltd.

## CERTIFICATE OF SERVICE

I certify that on December 21, 2023 I caused the foregoing to be filed on this Court's CM/ECF system for service on all record counsel.

/s/ J. Stephen Simms